```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


In re INTERNATIONAL GOSPEL    )
PARTY BOOSTING JESUS GROUPS,  )
INC.,                         )
          Debtor.             )
                              )
 ------------------------     )
                              )
WILLIAM K. HARRINGTON,        )
UNITED STATES TRUSTEE,        )
                              )
          Appellant,          )   CIVIL ACTION NO.
                              )   12-11475-DPW
                              )
     v.                       )   BANKRUPTCY COURT NO.
                              )   10-19012-HJB
DAVID M. NICKLESS,            )
                              )
          Appellee.           )
```

MEMORANDUM AND ORDER
February 20, 2013

This is an appeal challenging a bankruptcy court order awarding fees and expenses to David M. Nickless, attorney for the Debtor, for services performed after the appointment of a Chapter 11 trustee to administer the bankruptcy estate.

**I. BACKGROUND**

International Gospel Party Boosting Jesus Groups ("IGP" or "the Debtor"), a Massachusetts non-profit organization represented by Nickless, filed the underlying Chapter 11 case on August 19, 2010. On October 15, 2010, the bankruptcy court

approved the appointment of a Chapter 11 Trustee to administer the bankruptcy estate.

The Debtor's sole asset was a piece of real property on Massachusetts Avenue in Boston.  The bankruptcy court authorized the Trustee to sell the property, over objection made by Nickless on behalf of IGP.  The property was sold in July 2011 for $1,326,001, which satisfied all secured and unsecured claims, as well as administrative costs, and left a surplus of about $285,000.

In September 2011, the Trustee moved to dissolve the Debtor or to convert the case to Chapter 7 liquidation proceedings.  Nickless, again on behalf of IGP, opposed the Trustee's motion.  On November 7, 2011, the bankruptcy court denied the Trustee's motion.  Instead, the court ordered the Trustee to hold in escrow funds necessary to satisfy the only remaining claim in the bankruptcy--by Jeff Ross, a real estate broker who had appealed the denial of a commission for his involvement in the property sale[1]--and to return the surplus funds to the Debtor.  The court also "authorized the Debtor to pay any earned but unpaid fees to Debtor's counsel and that, as all creditors and interested

---

[1] I affirmed the bankruptcy court's denial of the Ross claim in *In re Int'l Gospel Party Boosting Jesus Groups, Inc.*, No. 12-10545-DPW, 2012 WL 3292855 (D. Mass. Aug. 10, 2012).  Ross took a further appeal to the First Circuit.  That appeal was dismissed on Ross' motion last week.  *Ross* v. *Butler* (*In re Int'l Gospel Party Boosting Jesus Groups, Inc.*), No. 12-2087 (1st Cir. Feb. 12, 2013).

parties will have been paid in full, the normal and usual requirement that Debtor's counsel file with the court a Fee Application and Narrative is waived."

Earlier, on October 20, 2011, the Massachusetts Attorney General had brought suit in state Superior Court against IGP's directors for diverting the organization's assets for personal use.  On October 28, the state court had enjoined the Trustee from distributing to IGP any surplus funds it might have been entitled to receive upon dismissal of the bankruptcy, and ordered the Trustee to hold those surplus funds in escrow while the Attorney General pursued her claims against the directors.

Thus unable to be paid from surplus funds returned to the Debtor, Nickless filed a fee application with the bankruptcy court in January 2012.  Without objection, the court ordered the bankruptcy estate to pay Nickless the fees and expenses incurred prior to the appointment of the Chapter 11 Trustee.  Those pre-appointment fees are not at issue in this appeal.

In dispute, however, are $10,345.45 in fees and expenses Nickless incurred *after* appointment of the Chapter 11 Trustee. The bankruptcy court concluded that making the requested award from the estate would be inconsistent with 11 U.S.C. § 330(a), as interpreted by the Supreme Court in *Lamie* v. *U.S. Trustee*, 540 U.S. 526 (2004).  Nevertheless, because the Debtor's sole asset had been sold and all claims had been paid, the court found cause

to dismiss the bankruptcy proceeding pursuant to 11 U.S.C. § 1112(b). At that point, surplus funds would typically re-vest in IGP; but the bankruptcy court also found cause under 11 U.S.C. § 349(b)(3) to pay Nickless' fees and expenses from the surplus funds.[2] The bankruptcy court was of the view that *Lamie* dealt only with the proper distribution of *estate* funds, and had no bearing on its treatment of non-estate funds following dismissal of the bankruptcy proceeding.

The United States Trustee for the bankruptcy now appeals the bankruptcy court's June 28, 2012 Order awarding Nickless fees and expenses for services performed following appointment of the Chapter 11 Trustee.

## II. STANDARD OF REVIEW

I review the bankruptcy court's findings of fact for clear error, its legal conclusions *de novo*, and its discretionary decisions for abuse of discretion. *Palmacci* v. *Umpierrez*, 121 F.3d 781, 785 (1st Cir. 1997); *In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir. 1990).

---

[2] In addition, the court directed the Trustee, following payment to Nickless, to continue to reserve funds sufficient to pay Ross' co-broker commission in the event his appeal was successful, and to hold the surplus funds in escrow consistent with the Superior Court injunction.

**III. ANALYSIS**

*A.* **Section 330(a)**

11 U.S.C. § 330(a) governs fee awards for professional services performed in connection with bankruptcy proceedings. Although a prior version of section 330(a) permitted compensation to various professionals, including "the debtor's attorney," 11 U.S.C. § 330(a) (1988), Congress amended the statute in 1994 to remove "the debtor's attorney" from the list of professionals eligible for a fee award, 11 U.S.C. § 330(a) (2006).  Both iterations of the statute, however, permit compensation for "a professional person employed under section 327 or 1103" of title 11.  *Id.*  Section 327, in turn, allows a trustee to employ an attorney to assist him, *id.* § 327(a), and to employ an attorney who has represented the debtor, subject to certain conditions, *id.* § 327(d).

In *Lamie*, the Supreme Court held that section 330(a) did not authorize a fee award to a debtor's attorney for legal services performed after the bankruptcy court had converted a Chapter 11 restructuring into a Chapter 7 liquidation proceeding and appointed an estate trustee.  The Court concluded that the appointment of a trustee "terminated [the debtor's] status as debtor-in-possession and so terminated [the attorney's] service under § 327 as an attorney for the debtor-in-possession." *Lamie*, 540 U.S. at 532.  Because the attorney was never subsequently

employed by the trustee and approved by the court pursuant to section 327, the Court held section 330(a) did not authorize compensation to the attorney from estate funds.  *Id.* at 538-39.

The bankruptcy court properly found *Lamie* applicable here. It makes no difference that this case involves a dispute about an award for fees incurred following the appointment of a trustee in a Chapter 11--as opposed to Chapter 7--proceeding.  In fact, *Lamie* cited with approval *Andrews & Kurth L.L.P.* v. *Family Snacks, Inc.* (*In re Pro-Snax Distributors*), 157 F.3d 414 (5th Cir. 1998), which held that section 330(a), as amended, "excludes attorneys from its catalog of professional officers of a bankruptcy estate who may be compensated for their work after the appointment of a Chapter 11 trustee."  *Id.* at 425; *Lamie*, 540 U.S. at 531.  Following *Lamie*, courts have reached similar conclusions about the applicability of the decision to Chapter 11 proceedings.  *In re Starbak Inc.*, No. 10-10856, 2010 WL 3927504, at *7 (Bankr. D. Mass. Sept. 29, 2010); *Morrison v. U.S. Trustees*, No. 09-CV-3565, 2010 WL 2653394, at *5 (E.D.N.Y. June 24, 2010).  Neither does it matter that there are surplus funds in the estate.  The language of section 330(a) is unambiguous in its exclusion of debtor's attorneys, and makes no exception for cases involving surplus funds.

### B. Section 349(b)

Although the bankruptcy court properly applied *Lamie*'s construction of section 330(a) to this case, the court nevertheless went on to find it had authority under 11 U.S.C. § 349(b) to award Nickless post-appointment fees upon dismissal of the bankruptcy.  Section 349(b)(3) provides that "[u]nless the court, for cause, orders otherwise," dismissal of the bankruptcy "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

The bankruptcy court proceeded on the premise that *Lamie* only prohibited post-appointment fee awards from *estate* funds; but, it reasoned, *Lamie* posed no bar to its actions under section 349(b) because the surplus funds ceased to be estate funds upon dismissal of the bankruptcy.  I conclude this was error.

True, the bankruptcy estate typically terminates upon dismissal.  *Lomagno v. Salomon Bros. Realty Corp.* (*In re Lomagno*), 320 B.R. 473, 478 (B.A.P. 1st Cir. 2005).  But section 349(b)(3) gives no indication that this authorizes the bankruptcy court to (re-)distribute non-estate funds.  That the bankruptcy court may prevent some property from re-vesting in the Debtor upon dismissal does not mean it has jurisdiction over the property once it is, in fact, re-vested in the Debtor.  Rather, section 349(b)(3) is better understood to permit the bankruptcy

court to preserve some property in the estate even upon dismissal. *E.g.*, *In re Gonic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990).[3]

In any event, I need not rest my decision solely on formalistic distinctions between distribution of estate and non-estate property, because the court also lacked "cause" for its actions under section 349(b). Quite simply, the bankruptcy court lacked authority to accomplish through section 349(b) what it could not accomplish through section 330(a). *Cf. In re Sadler*, 935 F.2d 918, 921 (7th Cir. 1991) ("'Cause' under § 349(b) means an acceptable reason. Desire to make an end run around a statute is not an adequate reason."). Section 349(b) does not provide a means to evade the limitations on compensation for debtor's attorneys under section 330(a) through an *ad hoc* distribution of funds re-vested in the Debtor.

The impetus for the bankruptcy court's actions, it appears,

---

[3]The bankruptcy court may effectively exercise control over non-estate property by asserting jurisdiction over related proceedings pending upon dismissal of the bankruptcy, *see Rhode Island Hosp. Trust Nat'l Bank* v. *Bogosian* (*In re Belmont Realty Corp.*), 11 F.3d 1092, 1099 (1st Cir. 1993), but no such adversary proceeding regarding Nickless' fees existed here.
   That said, it would be odd if the propriety of the bankruptcy court's actions turned on whether there was a pending fee dispute between Nickless and IGP over which the bankruptcy court might assert jurisdiction. As discussed below, I also find that the bankruptcy court lacked "cause" for its award of post-appointment fees under section 349(b). Although the bankruptcy court here simply directed an award of fees, I am of the view it similarly would have lacked "cause" to assume jurisdiction under § 349(b) over a pending fee dispute to achieve that result.

was the Massachusetts Superior Court injunction preventing disbursement of surplus funds to the Debtor and, as a result, preventing payment to Nickless from those funds.  The bankruptcy court essentially sought to give Nickless priority over the State--priority to which he would have been entitled over other unsecured claims if he had been eligible for compensation under section 330.  11 U.S.C. §§ 503(b)(4), 507(3).

But the bankruptcy court still lacked "cause" under section 349(b) to do so.  Assume, for example, that the bankruptcy had not been dismissed, and that the Attorney General's suit was not subject to the automatic stay as an action by a government unit enforcing its police or regulatory powers, 11 U.S.C. § 362(b)(4).[4]  If the Attorney General obtained entry of money judgment in state court while the bankruptcy remained pending, the Attorney General would nevertheless have to seek enforcement of that money judgment through the bankruptcy court.  *See id.; see also Massachusetts* v. *First Alliance Mortg. Co.* (*In re First Alliance Mortg. Co.*), 263 B.R. 99, 114 (B.A.P. 9th Cir. 2001); *Wisconsin* v. *Weller* (*In re Weller*), 189 B.R. 467, 471 (Bankr.

---

[4]Although the bankruptcy court suggested relief from the automatic stay by virtue of section 362(b)(4) was questionable in this setting, no party has challenged the propriety of the state court action, either before the bankruptcy court or on appeal. As a consequence, any dispute over disbursement of the surplus funds--including, if he presses the matter further, Nickless' claim for attorneys fees--presumably will be resolved in the state court.

E.D. Wis. 1995) ("Although the entry of a money judgment by a governmental unit is not affected by the automatic stay, provided the proceedings are related to that government's police or regulatory powers, actual enforcement of the judgment must take place through the bankruptcy court."). At that point, the bankruptcy court would have no mechanism for giving Nickless priority over the State because Nickless is not entitled to compensation from the estate under section 330(a).

The bankruptcy court's reliance on *In re Gonic Realty Trust*, 909 F.2d 624 (1st Cir. 1990), was misplaced. There, the court merely approved the bankruptcy court's reservation of funds in escrow upon dismissal of the bankruptcy to satisfy the only pending claim left in the bankruptcy. *Gonic*, 909 F.2d at 627-28 (permitting retention of funds under 349(b) "when it is in the best interests of creditors"). Here, however, the bankruptcy court did not merely order the retention of funds but ordered an affirmative distribution of funds to Nickless, who was not even a creditor of the estate. Yet, Nickless was not entitled to compensation from the estate for services performed following appointment of the Chapter 11 Trustee.[5]

Neither does *In re Schiff*, No. 04-14811, 2010 WL 3219535 (Bankr. S.D.N.Y. Aug. 10, 2010), convince me that the award of

---

[5] By contrast, the court properly reserved funds in escrow to satisfy the claims of the real estate broker with a claim then pending on appeal. *See* note 1 *supra*.

post-appointment fees via section 349(b) was proper.  There, the court ordered that fees incurred by Debtor's counsel following appointment of a Chapter 11 trustee "should be payable to counsel from the surplus [funds] remitted to the Debtor" upon dismissal of the bankruptcy.  *Id.* at *7.  But the Chapter 11 trustee in *Schiff* had agreed that Debtor's counsel should receive a fee award from surplus funds.  *Id.* at *6.  Retention of counsel by the Debtor had also been approved by the court after appointment of the Chapter 11 trustee.  *Id.*  Under those circumstances, the conditions of employment and approval under section 327 had effectively been met, such that the fee award was justified.

To the extent *Schiff* suggests a broader holding, I must disagree.  For example, *Schiff* draws support from *In re Lewis*, 346 B.R. 89, 102 (Bankr. E.D. Pa. 2006), which, in relevant part, awarded fees to Debtor's counsel following dismissal of an individual Chapter 13 proceeding, pursuant to section 349(b).  *Lewis* is readily distinguishable, however, because 11 U.S.C. § 330(a)(4)(B) makes compensation available to Debtor's counsel in individual Chapter 13 proceedings "based on a consideration of the benefit and necessity of such services."  Congress made no similar provision for compensating Debtor's counsel in any type of Chapter 11 bankruptcy.  Whatever value there may be in encouraging Debtor's counsel to remain involved in these proceedings, any policy judgment regarding compensation for such

counsel is one for Congress to make as a general proposition and not for the courts to fabricate on a case by case basis without statutory authority.

As an argument of last resort, Nickless suggests that appellant waived any argument regarding the fee award by failing to appeal the bankruptcy court's November 7, 2011 Order.  That Order, however, merely "authorized" the Debtor to pay Nickless from re-vested surplus funds; it never instructed the Trustee to pay those fees directly.

In reaching my decision, I do not rely on various alternative arguments pressed by the appellant.  For example, the appellant contends that appointment of the Chapter 11 Trustee ousted management of IGP entirely, and thus precluded IGP from hiring counsel.  This sweeps too broadly.  As reflected in the cases already discussed, it is common for the Debtor to retain counsel after appointment of an estate trustee, even if counsel may not be compensated from the bankruptcy estate. In fact, an attorney representing the Debtor in bankruptcy proceedings prior to appointment of an estate trustee may continue to owe certain duties to his client even after appointment. *See Rome* v. *Braunstein*, 19 F.3d 54, 62 (1st Cir. 1994) (finding, albeit prior to the amendment of section 330, that "counsel to a chapter 11 *debtor* owes continuing loyalty to the debtor throughout the chapter 11 proceedings; appointment of a chapter 11 trustee does

not end counsel's obligation to the *debtor entity*" (emphasis in original)).  Nickless, for his part, represented to the bankruptcy court that he appeared on behalf of IGP, which was ready and willing to pay Nickless from re-vested surplus funds, should a re-vesting occur.

## IV. CONCLUSION

The equitable nature of bankruptcy proceedings "does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness." *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 791 F.2d 524, 528 (7th Cir. 1986).  The bankruptcy court lacked authority under section 330(a) to award Nickless fees and expenses incurred following appointment of the Chapter 11 Trustee in this matter.  Attempting to use section 349(b) in this circumstance to fill that gap in the court's power was beyond the court's authority and constituted an abuse of discretion.

For the reasons set forth more fully above, the portion of the bankruptcy court's June 28, 2012 Order awarding Nickless $10,345.45 in fees and expenses incurred after the appointment of a Chapter 11 Trustee is VACATED.  No appeal has been taken from other portions of the June 28 Order, such as those dismissing the bankruptcy pursuant to 11 U.S.C. § 1112(b) or holding surplus funds in escrow in accordance with the Massachusetts Superior Court injunction.  Nickless, in fact, affirmatively argues in

favor of dismissal of the bankruptcy.  Accordingly, I leave undisturbed those remaining portions of the Order.

 

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE